**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **WARREN SINGLETARY** | : | |
| **3431 WOODLEY ROAD** | : | **CASE NO. _____** |
| **TOLEDO, OHIO 43606** | | |
| | : | |
| **and** | | **JUDGE: _____** |
| | : | |
| **KIMBERLY CUNNINGHAM** | : | |
| **3431 WOODLEY ROAD** | | |
| **TOLEDO, OHIO 43606** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF TOLEDO, OHIO** | : | **COMPLAINT** |
| **ONE GOVERNMENT CENTER** | | |
| **640 JACKSON STREET** | : | |
| **TOLEDO, OHIO 43604** | : | |
| | | |
| **and** | : | |
| | | |
| **KEN FISCHER** | : | |
| **ONE GOVERNMENT CENTER** | | |
| **SUITE 1600** | : | |
| **TOLEDO, OHIO 43604** | : | |

**COMPLAINT**

Now come Plaintiffs, Warren Singletary and Kimberly Cunningham (collectively the "Plaintiffs"), by and through undersigned counsel, and state for their Complaint the following:

1

**PARTIES**

1. Plaintiff, Warren Singletary, is a resident of Toledo, Ohio and owns property at 3442 Woodley Road, Toledo, Ohio 43606.

2. Plaintiff, Kimberly Cunningham, is a resident of Toledo, Ohio and has a mailing address of 3431 Woodley Road, Toledo, Ohio 43606.

3. Plaintiffs are aggrieved persons under the Federal Fair Housing Act and Ohio Fair Housing Act.

4. Plaintiffs operate group homes in the City of Toledo, thus they are covered by disability protections under the Federal Fair Housing Act and State of Ohio Fair Housing Act.

5. Defendant, City of Toledo, Ohio, is a municipality and City within the U.S. state of Ohio.

6. Defendant, Ken Fischer, is an employee and agent of the Defendant City of Toledo, Ohio.

7. Defendant, Ken Fischer, serves as the Commissioner of Building and Code Compliance for Defendant, City of Toledo, Ohio.

**JURISDICTION**

8. Jurisdiction is appropriate in that this civil action is brought under the Federal Fair Housing Act ("FHA") and Federal Fair Housing Amendments Act ("FHAA"), 42 U.S.C. §§ 3601, et seq.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the complaint raises federal questions under the FHA and FHAA. Additionally, this Court has supplemental jurisdiction over related state law claims, Ohio Rev. Code § 4112 (the "Ohio Fair Housing Act"), et seq. under 28 U.S.C. § 1367.

10. The Defendants are subject to the jurisdiction of this Court as they are "Persons" under the FHA and Ohio Fair Housing Act, and the acts described herein occurred in Toledo, Ohio.

11. Venue is proper in that the discriminatory acts occurred in Toledo, Lucas County, Ohio.

12. Wherefore, Plaintiff respectfully requests that this Court take jurisdiction of this complaint and award such relief as is appropriate under the federal and state fair housing laws.

**FACTS**

13. Plaintiffs restate and reallege every allegation in Paragraphs 1 through 12 as if fully restated herein.

14. In 2021 and to the present day, Plaintiffs wished to establish a group home for senior persons with disabilities in the City of Toledo.

15. Plaintiffs operate Ohio Department of Mental Health and Addiction Services ("ODHMAS") licensed group homes and have done so without issue for approximately six years.

16. Plaintiffs wished to purchase property at 3442 Woodley Drive, Toledo, Ohio 43606 (the "Property") to turn it into a group home.

17. Prior to purchasing the home, Plaintiffs contacted the City of Toledo Plan Commission (the "Commission") to confirm they could use the Property as a group home.

18. Plaintiff Cunningham is licensed and approved to operate such a group home by ODHMAS.

19. The Commission notified Plaintiffs they could utilize the Property for a group home.

20. Plaintiffs additionally checked the City of Toledo's online zoning portal and were told by the portal, "Your project is permitted at this location." Portal Attached as Exhibit 1.

21. This was important for Plaintiffs as they reside on the same street and wanted to help senior persons with disabilities.

22. Plaintiffs then purchased the Property on or around February 26, 2021.

23. After purchasing the property, Plaintiffs were notified by the Plan Commission that they could not operate the group home at the Property.

24. The Plan Commission stated that the establishment of a group home was prohibited because of 500 feet spacing requirements under the Defendant, City of Toledo's, zoning ordinances found at T.M.C. § 1104.1001.

25. Defendants claimed that the Property and group home would be within 500 feet of an Ohio Department of Developmental Disabilities ("ODDD") licensed group home, known as Wiley Homes, Inc., located at 3477 Orchard Trail Drive, Toledo, Ohio 43606.

26. Plaintiffs provide entirely different services than the Wiley Homes property which is why they are both licensed by different State of Ohio agencies.

27. Plaintiffs reached out to the Fair Housing Center of Toledo ("FHC") to find out their rights on or around February 25, 2022.

28. Plaintiffs, along with FHC, researched the issue and discovered that the spacing between the two residences is actually closer to 1,400 feet apart in actual travel distance.

29. Regardless, with the help of FHC, Plaintiffs made a reasonable accommodation request under the Federal Fair Housing Act, State of Ohio Fair Housing Act, and Toledo Fair Housing Act, attached as Exhibit 2, on October 3, 2022.

30. The reasonable accommodation request was submitted to the Defendant, City of Toledo, and Defendant Ken Fischer in his role as Commissioner of Building and Code Enforcement for the City of Toledo.

31. The reasonable accommodation request was to allow Plaintiffs to operate a group home at the Property known as 3442 Woodley Road.

32. On November 17, 2022, Defendants denied the reasonable accommodation request in a letter (the "Denial"), attached at Exhibit 3, and cited that permitting the accommodation fundamentally alters their zoning rules and undermines their zoning policies.

33. Defendants, in bad faith, did not engage in any interactive process as required by the Fair Housing Act.

34. Defendants did not offer any alternative accommodations to help persons with disabilities find safe, reliable, and sustainable housing with Plaintiffs.

35. On or around December 5, 2022, Plaintiffs, with the assistance of CEO George Thomas from the FHC, appealed the Denial to the City of Toledo Board of Zoning Appeals ("BZA").

36. The appeal focused on the Defendant's misunderstanding of the Fair Housing Act and unequal treatment of group home operators in the City of Toledo.

37. During the appeal, Plaintiffs raised the issue that Defendants have routinely allowed group homes to operate within 500 feet of each other and only now was Defendant deciding to selectively enforce its ordinances.

38. Plaintiffs contended that the actual travel distance between their proposed group home and the Wiley Homes residence exceeds 500 feet.

39. In sum, Plaintiffs believe they are being singled out and intentionally discriminated against by Defendants.

40. On or around January 23, 2023, BZA affirmed the City of Toledo's discriminatory Denial of the reasonable accommodation request.

41. Plaintiffs reasonably relied on Defendants' staff opinion that the use was permitted prior to purchasing the Property.

42. After exhausting their administrative remedies, Plaintiffs now request relief from this Court due to Defendants discriminatory conduct.

## COUNT I – VIOLATION OF 42 U.S.C. 3604

### (The Federal Fair Housing Act)

43. Plaintiffs reincorporate and reallege every allegation in Paragraphs 1 through 42 as if fully restated herein.

44. Plaintiffs notified Defendants on October 3, 2022 that they were requesting a reasonable accommodation to the zoning ordinance under the Fair Housing Act.

45. Plaintiffs, as a group home operator for senior persons with physical and mental impairments, are protected from disability discrimination under the Fair Housing Act.

46. Defendants denied the request on November 17, 2022.

47. Plaintiffs have now been aggrieved and harmed by Defendants' discriminatory conduct as they have lost business opportunities and income due to Defendants' discriminatory denial.

48. Defendants, in bad faith, failed to engage in an interactive process as required by the Federal Fair Housing Act.

49. Defendants failed to offer alternative accommodations to best suit the needs of persons with disabilities.

50. Defendants never investigated to determine whether or not the 500-feet spacing requirement was actually an issue.

51. Plaintiffs then requested a second accommodation and appealed the discriminatory Denial to the City of Toledo BZA on or around December 5, 2022.

52. A hearing was held and recorded wherein BZA affirmed the Defendants' discriminatory Denial of the reasonable accommodation request.

53. Plaintiffs' accommodation request was reasonable in that it may not have even required any change at all to Defendants' zoning ordinances.

54. Any other burden on the Defendants, if at all, was de minimus.

55. Plaintiffs' accommodation request was necessary to afford persons with physical or mental impairments and persons in recovery an equal opportunity to use and enjoy a dwelling on Woodley Road.

56. The accommodation request was also reasonable and necessary to allow senior persons with disabilities the option to participate in Plaintiffs' programs and services.

57. The requested accommodation was related to Plaintiffs' ODMHAS licensure in that they will be housing persons with physical and mental impairments.

58. Granting Plaintiffs' accommodation request to the City of Toledo's spacing or zoning requirements would not fundamentally alter the Defendant's zoning scheme as they already selectively permit certain group homes to operate within 500 feet of one another.

59. Granting Plaintiffs' accommodation request to the City of Toledo's zoning code would not impose a financial, administrative, or undue burden on Defendants because they already permit group homes to operate within 500 feet of one another.

60. Defendants have intentionally denied Plaintiffs' request to avoid having an ODHMAS approved group home on Woodley Road which stifles neighborhood choice for persons with disabilities.

61. Plaintiffs have now lost income and business opportunities dating back to approximately August 1, 2021, which exceeds $300,000.00, and is ongoing.

62. Plaintiffs request that the Court enter judgment for Plaintiffs and award actual economic and non-economic damages, punitive damages, costs, and reasonable attorney fees as permitted by the Federal Fair Housing Act.

## COUNT II – VIOLATION OF OHIO REV. CODE 4112.02

### (The Ohio Fair Housing Act)

63. Plaintiffs reincorporate and reallege every allegation in Paragraphs 1 through 62 as if fully restated herein.

64. Plaintiffs operate group homes for persons with disabilities and are therefore protected from disability discrimination under the Ohio Fair Housing Act.

65. Plaintiffs requested an accommodation to the Defendants' zoning ordinances and spacing requirements on October 3, 2022.

66. Plaintiffs again requested a reasonable accommodation before the Defendants' BZA.

67. Both requests sought permission to operate a group home at 3442 Woodley Road in Toledo.

68. Both requests were denied by the Defendants.

69. There is no legitimate, non-discriminatory reason for the Defendants' discriminatory denial.

70. Plaintiffs request is reasonable because it would not fundamentally alter their zoning scheme and would not impose an administrative, financial, or undue burden.

71. Plaintiffs request is necessary because no other ODMHAS group home is located on Woodley Road.

72. Any argument that Defendants are protecting from overconcentration of group homes is pretext for discrimination because they already selectively permit group homes to operate within 500 feet of one another.

73. Plaintiffs have suffered damages in excess of $300,000.00 because they cannot use the Property for its intended purpose after being told by city staff that it was a permissible use.

74. This has caused Plaintiffs additional stress, anxiety, and emotional injury.

**75.** Plaintiffs request that the Court enter judgment for them and award actual economic and non-economic damages, punitive damages, costs, and reasonable attorney fees as permitted by the Ohio Fair Housing Act.

**REQUEST FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request that judgment be entered for the Plaintiffs. Additionally, Plaintiffs respectfully request that the Court declare the spacing requirement of the City of Toledo's zoning ordinance to be in violation of the FHA and the Ohio Fair Housing Act in this matter, enjoin Defendant from selectively enforcing the spacing requirement against Plaintiffs, and award such monetary and equitable relief as is appropriate under the FHA and the Ohio Fair Housing Act, including but not limited to:

**A.** An award of actual economic and non-economic damages in excess of $300,000.00, in an amount to be determined at trial;

**B.** An award of punitive damages;

**C.** An award for the costs of this action as permitted by the Fair Housing Act;

**D.** An award of reasonable attorneys' fees as permitted by the Fair Housing Act.

Respectfully submitted,

/s/ *C. Jacob Davis*
_____
C. Jacob Davis, Esq. (#0101745)
Nalls Davis | Attorneys at Law
33 White Allen Avenue
Dayton, Ohio 45405
Phone: (937) 813-3003
Fax: (937) 200-7285
Email: Jacob.Davis@nallslaw.com
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I, C. Jacob Davis, Attorney for Plaintiffs, hereby request service by the Clerk of Courts on this 21st Day of February, 2023. Please serve copies of the Summons and Complaint on the parties in this case as follows:

**CITY OF TOLEDO, OHIO**
**ONE GOVERNMENT CENTER**
**640 JACKSON STREET**
**TOLEDO, OHIO 43604**

*Via certified mail, return receipt requested*

and

**KEN FISCHER**
**ONE GOVERNMENT CENTER**
**SUITE 1600**
**TOLEDO, OHIO 43604**

*via certified mail, return receipt requested*

Respectfully submitted,

Signed: */s/ C. Jacob Davis*

_____
C. Jacob Davis, Esq. (#0101745)
Nalls Davis | Attorneys at Law
33 White Allen Avenue
Dayton, Ohio 45405
Phone: (937) 813-3003
Jacob.Davis@nallslaw.com
Attorney for Plaintiffs

**PLAINTIFFS' EXHIBIT #1**
**City of Toledo, Ohio**
**Zoning Portal**

11/23/22, 12:08 PM
Toledo Permitting Portal

A service brought to you by the City of Toledo
https://toledo.oh.gov/

 Zoning Portal

Generated November 23, 2022
Project# 1075284



# Your project is permitted at this location.



## ZONING DETAILS

### Zoning Clearance

**Permitted**

This use is permitted at this location.

### Zoning District

**Single-Dwelling Residential - 9,000 Sq. Ft (RS9)**

The RS, Single-Dwelling Districts are primarily intended to accommodate the development of single dwelling units on individual lots. The districts are intended to create, maintain and promote housing opportunities for individual households, although they do permit nonresidential uses that are typically compatible with residential neighborhoods. A range of RS Districts is established in order to accommodate a variety of lot sizes and to reflect the diversity of the City's residential neighborhoods.

**PLAINTIFFS' EXHIBIT #2**
**Plaintiffs' Request for**
**Reasonable**
**Accommodation**



326 N. Erie St.
Toledo, OH 43604-1416
Phone: 419/243-6161
Fax: 419/243-3536
toledofhc.org

**Officers**

Patty Wise
*Chair*

Cheryl Slack
*Vice Chair*

Juanita Greene
*Treasurer*

Thomas E. Luettke, Esq.
*Secretary*

**Directors**
Denise Alvarado
Alan Bannister
Charmaine Brown
Marc Folk
Keith B. Jordan, Sr.
Alan Sattler
Cherie Sears
Tony Totty
Ernest Walker, Jr.
Mary-Thom Williams



*Creating Inclusive
Communities
Of Opportunity*

*Sent via email, Portable Document Format, to dale.emch@toledo.oh.gov.*

Dale R. Emch, Director
Law Department
One Government Center, Suite 2250
Toledo, Ohio 43604

Commissioner of Building Inspection
One Government Center, Suite 1600
Toledo, Ohio 43604

October 3, 2022

Re: **Request for reasonable accommodation to allow establishment of a group home for persons with disabilities.**

City of Toledo:

The Fair Housing Center is assisting Toledo residents Kimberly Cunningham and her husband Warren Singletary (hereafter "applicants"). As you know from previous communications, they wish to establish a "group home" for persons with disabilities at 3442 Woodley Rd. Ms. Cunningham would operate the facility for a few seniors with a license from the Ohio Department of Mental Health & Additional Services (ODMHAS). The Plan Commission has informed them that they cannot operate such a home at that address because of certain spacing restrictions.

As you know, in April of this year, the applicants made a request for written interpretation of the zoning code. The request asked for a response within 30 days. The City acknowledged receipt of the request but has otherwise never responded. We are surprised that the City has not responded to the request for written interpretation as required by the Zoning Code. This matter presents a straightforward interpretation of federal and state law as it applies to group homes, and the City should promptly determine that the applicants must be allowed to operate the group home as explained in the request for written interpretation.

The applicants have decided to make a request for a reasonable accommodation under the Fair Housing Amendments Act and pursuant to TMC 1111.1809 D., as explained below. By making this request, the applicants are not

waiving the request for written interpretation or any rights they may have related to that request. Please respond to the request for written interpretation as soon as possible.

**Reasonable Accommodation Request**

Pursuant to 24 C.F.R. 100.204, it is "unlawful for any person to refuse to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a handicapped person equal opportunity to use and enjoy a dwelling unit..." It is well established that reasonable accommodation requests apply to zoning restrictions on group homes. "Jurisdictions must also consider, in compliance with the Act, requests for reasonable accommodations to any [zoning] spacing requirements [imposed on group homes]" Joint Statement of the Department of Housing and Urban Development and the Department of Justice, *State and Local Land Use Laws and Practices and the Application of the Fair Housing Act*, (Nov. 10, 2016), pg. 13, *available at* https://www.justice.gov/opa/file/912366/download.

Indeed, the City of Toledo has itself incorporated this requirement into its zoning code at TMC 1111.1809 D., which requires modification of land use, zoning, policies, practices, or procedures, in order to give people with disabilities an equal opportunity to use and enjoy a dwelling.

The applicants specifically request the following accommodation:

**That the City of Toledo waive its spacing requirements as they would apply to the proposed group home at 3442 Woodley Rd., and allow the applicants to establish a group home at that location.**

In determining the request, the City must consider (i) the necessity of the accommodation to afford a person with a disability an equal opportunity to use and enjoy a dwelling, (ii) if the requested accommodation requires fundamental alterations to zoning laws, rules, policies, practices, and procedures, and (iii) if the requested accommodation imposes an undue financial or administrative burden on the city. *Id.* I address each factor here.

**(i)     the necessity of the accommodation to afford a person with a disability an equal opportunity to use and enjoy a dwelling.**

The applicants easily meet this first factor. Presently, it is impossible for the applicants to establish a group home for persons with disabilities at the proposed location. Those individuals with disabilities that would live at the group home cannot do so, unless the City accommodates

2

them by allowing establishment of the home. Without this accommodation, persons with disabilities have no opportunity to use and enjoy the dwelling, let alone an equal opportunity.

    **(ii)    if the requested accommodation requires fundamental alterations to zoning laws, rules, policies, practices, and procedures,**

The requested accommodation does not require a fundamental alteration to any law, rule, policy, practice, or procedure. To the contrary, the accommodation is particularly reasonable under the circumstances for several reasons. First, the requested accommodation would only require a minor change to the normal spacing restrictions, which are particularly reasonable here. The map below was provided by Plan Commission (via email, March 18, 2022) to show the location of the other group home that it believes triggers the spacing restriction at issue. As illustrated in the map, the other location is on a different road on the other side of another block in this neighborhood. There is no concern here regarding over-concentration of group homes in the area. It's unlikely that the residents of the two facilities would even interact with each other, let alone create an over-concentration.



Second, the other facility is a different type of group home, as licensed by the Ohio Department of Developmental Disabilities. As you know, R.C. 5119.341 requires local jurisdictions to permit group homes throughout single family zones. R.C. 5119.341(D)(1) provides a narrow exception to allow a zoning authority to limit concentrations of facilities specifically licensed by ODMHAS. But the spacing restrictions at issue in TMC 1104.1000 limit spacing of other facilities identified under the categories of other "group living" and "day care." In this case, the other home that the Plan Commission indicates is within the spacing limitations of TMC 1104.1000 is a home licensed by the Ohio Department of Developmental Disabilities, not ODMHAS. There is no "excessive concentration" of ODMHAS facilities near the applicant's proposed site at 3442 Woodley Rd. As previously explained in the request for written interpretation, state law prohibits the City from imposing these spacing restrictions.

Third, the spacing restrictions as current imposed also violate the Fair Housing Amendments Act. As currently organized, the spacing restrictions are unduly burdensome as they relate to other types of facilities, not just group homes. While some spacing restrictions may be acceptable to avoid over-concentration, incorporating other types of facilities into the spacing restrictions creates burdens unrelated to over-concentration and that fall outside of this exception. Indeed, after reviewing other zoning codes in Ohio, The Fair Housing Center has been unable to identify any other city that uses spacing restrictions in this way.

Fourth, Plan Commission staff originally told the applicants that they could use the home as a group home. They relied on this information to purchase the home and now have lost considerable funds as a result of the City's decision to later communicate that they could not operate the home at the location.

Any one of the above factors alone should be sufficient to meet the second element require for a reasonable accommodation under TMC 1111.1809 D.

**(iii)    if the requested accommodation imposes an undue financial or administrative burden on the city**

This request imposes no financial or administrative burden on the City.

**Conclusion**

Please grant this request for a reasonable accommodation as soon as possible. The municipal code requires the City to issue a determination within 30 days. TMC 1111.1809 D. While the applicants do wish to resolve this matter without further action, considering the City's failure to respond to the request for written interpretation, and the applicants' diligence in explaining the law, the applicants are considering next steps. If you would like additional information or if you would like to discuss this request, I would be happy to arrange a time for a phone call or a meeting. Thank you for your time and consideration.

Kindly,

/s/ George Thomas
The Fair Housing Center

**PLAINTIFFS' EXHIBIT #3**
**City of Toledo's Denial of**
**Reasonable**
**Accommodation Request**



**City of Toledo**

**Building and
Code Compliance**
Building Inspection

One Government Center
Suite 1600
Toledo, Ohio 43604
phone 419-245-1220
fax 419-245-1329

toledo.oh.gov

November 17, 2022

*Via e-mail to: gthomas@toledofhc.org*
George Thomas
Fair Housing Center
326 N. Erie Street
Toledo, Ohio 43604-1416

Re:  *October 3, 2022 request for reasonable accommodation to allow establishment
of a group home for persons with disabilities at 3442 Woodley Road, Toledo,
Ohio*

Dear Mr. Thomas:

Your above referenced request has been reviewed by me in consultation with the City Law Department. After considering this matter and analyzing the facts contained in your letter, the City of Toledo respectfully declines granting a reasonable accommodation exception waiving the spacing requirement to allow for the establishment of a group home at the subject address.

As your letter accurately points out, the referenced premises is within the spacing restrictions recited in Toledo Municipal Code 1104.1000. The Toledo Municipal Planning and Zoning Code, specifically TMC 1111.1809, sets forth the analysis under which a reasonable accommodation request must be undertaken in order to give people with disabilities an equal opportunity to use and enjoy a dwelling. TMC 1111.1809(d)(3) reads in pertinent part:

> "In determining a request for a Reasonable Accommodation Exception, the Commissioner of Building Inspection or the Chief Building Official shall consider the following factors:
> (a) the necessity of the accommodation to afford a person with a disability an equal opportunity to use and enjoy a dwelling;
> (b) if the requested accommodation requires fundamental alterations to zoning laws, rules, policies, practices and procedures;
> (c) if the requested accommodation poses an undue financial or administrative burden on the city;
> (d) other factors that may be considered if they are explicitly listed in the written determination."

Having taken the above criteria and the facts presented by you into consideration, it is clear that the spacing requirement found in the Planning and Zoning Code would have to be waived in this circumstance to satisfy the request for a reasonable accommodation. Such waiver would be a fundamental alteration to the uniform application of the zoning laws, rules, policies, practices and procedures of the city. Furthermore, a waiver would undermine the particular policy embedded in the distancing statute which is to control excessive geographic concentration of group living facilities in specific areas.



**City of Toledo**

**Building and Code Compliance**
Building Inspection

One Government Center
Suite 1600
Toledo, Ohio 43604
phone 419-245-1220
fax 419-245-1329

↪ toledo.oh.gov

Another, and perhaps paramount factor, in making this determination denying the requested reasonable accommodation, is the abundance of single family homes available to those persons individually or as a class to establish an Ohio Department of Mental Health and Addiction Services group home that would not violate the distancing requirement of Toledo Municipal Code 1104.1000.

For the foregoing reasons, the request for a reasonable accommodation for the establishment of a group home for persons with disabilities at 3442 Woodley Road is respectfully denied.

Be advised that this determination may be appealed pursuant to the provision of Toledo Municipal Code 1111.2000.

Very truly yours,

*/s/ Ken Fischer*

Ken Fischer, Commissioner of
Building Inspection

cc:     Dale Emch, Director of Law
        Tom Gibbons, Director,  Toledo-Lucas County Plan Commission